THEOPHILUS W. PORTER, By His Son and Next
Friend, Harry A. Porter,

*vs.*

JAMES H. NICHOLS, Etc.

*Deeds: want of capacity; setting aside; duty of courts; burden
of proof.*

It is not only the duty, but it should be the pleasure of courts,
to rescue property conveyed away by one mentally afflicted and
incapable of making a valid deed or contract, or where prop-
erty has been obtained from him by fraud or other improper
means.

In such cases, even innocent purchasers may be required to
surrender property if it is shown the vendor was clearly within
the class of unfortunates who are the special wards of equity.

But when an appeal for relief is made upon such ground, by
the very person who is responsible for the sale that it is sought
to set aside, courts should require full and clear proof.

*Decided February 10th, 1916.*

Appeal from the Circuit Court for Caroline County. In
Equity. (HOPPER and ATKINS, JJ.)

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*T. Alan Goldsborough,* for the appellant.

*Fred. R. Owens* and *Henry R. Lewis,* for the appellees.

BOYD, C. J., delivered the opinion of the Court of Appeals
affirming the decree of the lower Court.